JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Adam Calabrese individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff    Bucks County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A" Huntingdon Valley, PA 19006 (215) 364-5030

## DEFENDANTS

TGI FRIDAYS INC., et al.

County of Residence of First Listed Defendant    Carrollton, TX
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 201 et seq.

Brief description of cause:
Violation of the Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                    DOCKET NUMBER

DATE    2/22/16

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Rd., Suite "A" Huntingdon Valley, PA

Address of Defendant: 4201 Marsh Ln, Carrollton, TX 75007

Place of Accident, Incident or Transaction: Bucks County

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Arkady "Eric" Rayz, Esq. , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 2/22/2016 _____   _____   87976
Attorney-at-Law   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/22/2016 _____   _____   87976
Attorney-at-Law   Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

CALABRESE

                                          :          CIVIL ACTION
                                          :
                         v.               :
                                          :
TGI FRIDAYS INC., ET AL.                  :
                                          :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.           ( )


| 2/22/16 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM CALABRESE, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s)<br><br>v.<br><br>TGI FRIDAYS INC.; SENTINEL CAPITAL PARTNERS; TRIARTISAN CAPITAL PARTNERS; CARLSON COMPANIES; and DOE DEFENDANTS 1-10,<br><br>Defendant(s) | Case No.<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff Adam Calabrese ("Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1.      This is class and collective action brought on behalf of "Tipped Employees" who work or have worked at restaurant facilities operating under the trade name of "T.G.I. Friday's." T.G.I. Friday's is a chain of restaurants that, according to their website, are ninety percent (90%) owned and operated by franchisees.  *See http://mediaroom.fridays.com/news-releases/tgi-fridays-completes-goal-to-refranchise-majority-of-restaurants-ahead-of-schedule-positions-company-for-future-growth/* (last visited February 17, 2016).

2.      T.G.I. Friday's is currently owned and/or operated by Defendants Sentinel Capital Partners ("Sentinel") and TriArtisan Capital Partners ("TriArtisan").  Sentinel and TriArtisan purchased T.G.I. Friday's from Carlson Companies in May 2014.

3.      Upon information and belief, Defendant TGI Fridays Inc. does the payroll processing and is the source for the HR policies complained of below.

1

4.     Defendants TGI Fridays Inc., Sentinel Capital Partners, TriArtisan Capital Partners, and Carlson Companies are collectively referred to herein as "Fridays" or "Defendants."

5.     Defendants employ individuals as "bartenders," "servers" and "bussers" (collectively "Tipped Employees"), who are and/or were subjected to Defendants' unlawful pay practices.

6.     As explained in detail below, Defendants systematically and willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101 *et seq.*, and the New Hampshire Minimum Wage Law ("NHMWL"), 23 R.S.A. 279 *et seq.,* by, among other things, failing to satisfy the notice requirements of the tip credit provisions of the FLSA and applicable state laws.

7.     Due to Defendants' unlawful failure to properly inform Tipped Employees of  its intention to utilize a "tip credit," Defendants have improperly applied a "tip credit" against the wages paid to Plaintiff and current and former Tipped Employees, thus paying them less than the mandated minimum wage.

8.     As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

## SUMMARY OF CLAIMS

9.     Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the FLSA.

10.     In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Tipped Employees who have worked for Defendants in Pennsylvania and/or New Hampshire within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("FLSA Collective

Class").

11.     In addition, Plaintiff also brings this action as a state-wide class action to recover unpaid wages, and failing to pay the applicable minimum wage, pursuant to the PMWA.

12.     Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Tipped Employees who have worked for Defendants in the Commonwealth of Pennsylvania during the statutory period covered by this Complaint (the "PA Class").

13.     Further, Plaintiff also brings this action as a state-wide class action to recover unpaid wages, and failing to pay the applicable minimum wage, pursuant to the NHMWL.

14.     Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Tipped Employees who have worked for Defendants in the State of New Hampshire during the statutory period covered by this Complaint (the "NH Class").

15.     The FLSA Collective Class, the PA Class, and the NH Class are hereafter collectively referred to as the "Classes."

16.     Plaintiff alleges on behalf of the FLSA Collective Class that they are: (i) entitled to unpaid minimum wages from Defendants for hours worked for which Defendants failed to comply with the notice provisions of the tip credit and pay the mandatory minimum wage, as required by law and (ii) entitled to liquidated damages pursuant to the FLSA.

17.     Plaintiff alleges on behalf of the PA Class that Defendants violated the PMWA by failing to comply with the tip credit provisions, as required by law, consequently failing to pay them the appropriate minimum wages for all hours worked.

18.     Plaintiff alleges on behalf of the NH Class that Defendants violated the NHMWL

by failing to comply with the tip credit provisions, as required by law, consequently failing to pay them the appropriate minimum wages for all hours worked.

## PARTIES

19.     Plaintiff is a resident of the Commonwealth of Pennsylvania who was employed by Defendants as a "server" in their Montgomery Mall location from May 2014 through September 2014.  In addition, Plaintiff also worked as a "server" in Defendants' Concord, New Hampshire location from September 2013 to April 2014 and then again from September 2014 to February 2015.  While employed by Defendants, Defendants failed to compensate Plaintiff properly for all hours he worked.

20.     Pursuant to Section 216(b) of the FLSA, Plaintiff has consented in writing to be a plaintiff in this action.  His executed Consent To Sue form is attached hereto as Exhibit "A."

21.     Defendant TGI Fridays Inc. is headquartered in Carrollton, Texas.  It operates "T.G.I. Friday's" restaurants throughout the country, including in Pennsylvania.  At all relevant times during the statutory period covered by this Complaint, Defendant has transacted business within the Commonwealth of Pennsylvania, including within this district.

22.     Defendant Sentinel Capital Partners operates "T.G.I. Friday's" restaurants throughout the country, including in Pennsylvania.  Along with Defendant TriArtisan Capital Partners, it purchased "T.G.I. Friday's" restaurants from Defendant Carlson Companies in approximately May 2014.  Thus, during a portion of the statutory period covered by this Complaint, Defendant has transacted business within the Commonwealth of Pennsylvania, including within this district.

23.     Defendant TriArtisan Capital Partners operates "T.G.I. Friday's" restaurants throughout the country, including in Pennsylvania.  Along with Defendant TriArtisan Capital

4

Partners, it purchased "T.G.I. Friday's" restaurants from Defendant Carlson Companies in approximately May 2014. Thus, during a portion of the statutory period covered by this Complaint, Defendant has transacted business within the Commonwealth of Pennsylvania, including within this district.

24.     Defendant Carlson Companies is also headquartered in Carrollton, Texas. Prior to selling its stake to Defendants Sentinel Capital Partners and TriArtisan Capital Partners in May 2014, it operated "T.G.I. Friday's" restaurants throughout the country, including in Pennsylvania. During a portion of the statutory period covered by this Complaint, Defendant has transacted business within the Commonwealth of Pennsylvania, including within this district.

25.     Together Defendants TGI Fridays Inc., Sentinel Capital Partners, TriArtisan Capital Partners, and Carlson Companies jointly employed Tipped Employees and are responsible for the employment practices complained of herein.

26.     Upon information and belief, certain of Defendants are a single and joint employer with a high degree of interrelated and unified operations, sharing common officers with a common address.

27.     Each of the Defendants has had substantial control over Tipped Employees working conditions, and over the unlawful policies and practices alleged herein during relevant times of the class periods.

28.     Accordingly, during all relevant times, Defendants have been employers of Tipped Employees, including Plaintiff, within the meaning of the FLSA, PMWA, and the NHMWL.

29.     Plaintiff is unaware of the names and the capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this Complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each

defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the Defendant.  In engaging in the alleged conduct herein, defendants acted in the course, scope of, and in furtherance of the aforementioned relationship.  Accordingly, unless otherwise specified herein, Plaintiff will refer to all defendants collectively as "Defendants" and each allegation pertains to each of the defendants.

## JURISDICTION AND VENUE

30.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

31.     Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

32.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

33.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

34.     The crux of the FLSA, PA State Laws, and New Hampshire State Laws is, *inter alia*, that all employees are entitled to be paid mandated minimum wages for all hours worked.

35.     Contrary to these basic protections, Plaintiff and the members of the Classes were deprived of the mandated minimum wage for all hours they worked.

36.     Plaintiff and the members of the Classes are, or were, Tipped Employees employed by Defendants.

**Plaintiff's Experience Working For Defendants**

37.     As set forth above, Plaintiff was employed by Defendants as a "server" in both their Montgomery Mall location in Pennsylvania and at their Concord location in New Hampshire.

38.     In each location, Plaintiff was paid an hourly cash wage rate from Defendants and earned tips from customers who chose to leave him a gratuity.

39.     In Pennsylvania, Defendants paid Plaintiff and hourly wage rate of $2.83.

40.     While employed in New Hampshire, Defendants paid Plaintiff and hourly wage rate of $3.26.

41.     In Pennsylvania, Plaintiff typically worked 5 shifts per week, working on average 30 hours or more per week.  His typical shift lasted around 6 hours, starting at 4 and ending at 10.

42.     In New Hampshire, Plaintiff typically worked 5 shifts per week, working on average 30 hours or more per week.  His typical shift lasted around 6 hours, starting at 4 and ending at 10.

43.     At each location Plaintiff worked he was paid his straight hourly rate of either $2.83 (if working in Pennsylvania) or $3.26 (if working in New Hampshire), irrespective of the number of hours worked or the amount of tips received.

44.     Upon information and belief, all "T.G.I. Friday's" locations are/were operated by Defendants under uniform policies applicable to the members of the Classes.

**The Tip Credit Provision & Requirements**

45.     Rather than pay its Tipped Employees the applicable minimum wage (either the applicable state minimum wage or the federal minimum wage, whichever is higher), Defendants chose to take a tip credit and pay these employees less than the applicable minimum wage.

46.     Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the tip credit wage paid by the employer equals at least the applicable minimum wage.[1]

47.     According to the Department of Labor's ("DOL") Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) ("Fact Sheet #15"):

> the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

48.     Pennsylvania mandates a higher minimum cash wage, requiring employers to pay at least $2.83 per hour.  Thus, under Pennsylvania law, the maximum tip credit is $4.42 per hour.

49.     New Hampshire requires an even higher minimum cash wage, mandating that employers pay their tip earning employees "not less than 45 percent of the applicable minimum wage." *See* 23 R.S.A. § 279:21.

50.     As is made plain in Fact Sheet #15, in order to claim a tip credit, the employer must notify its employees of its intention to take the tip credit and must also inform its employees that all tips received by the employee are to be retained by the employee (except for those tips that are part of a valid tip pooling arrangement).

51.     Moreover, an employer must explicitly notify the employee as to the amount of the tip credit and inform the employee that the employee must still earn the mandated minimum of

---

[1] An employer is not relieved of their duty to pay an employee wages at least equal to the minimum wage by virtue of taking a tip credit or by virtue of the employee receiving tips from customers in an amount in excess of the applicable minimum wage.  That is, an employer in the restaurant industry must pay the employee wages at least equal to the minimum wage or equal to the minimum wage less the tip credit, provided the tips claimed exceed the tip credit.  Under no circumstances is the employer relieved of paying at least the minimum wage for all hours worked, regardless of how much an employee earns in tips.

$7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

52.     An employer bears the burden of showing that it has satisfied the notification requirement of informing its employees that tips are being credited against the employee's hourly wage.[2]  If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

53.     Further, where a tipped employee earns less in tips than the tip credit claimed, the employer is required to make up the difference.  Stated another way, if a tipped employee earns less than $4.42 per hour in tips (the maximum tip credit permissible where the employer pays the employee $2.83 per hour), the employer must raise that tipped employee's hourly cash component the necessary amount above $2.83 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated minimum wage.

**Defendants' Failure to Notify Tipped Employees**

54.     As explained above, the DOL has very specific requirements regarding what an employer must notify his/her employee of if that employer intends to claim a tip credit.

55.     Rather than comply with the notification requirements set forth in Fact Sheet #15, Defendants chose to simply pay its Tipped Employees between $2.83 and $3.26 per hour.  In short, Defendants failed to inform its Tipped Employees of (i) their intention to take the tip credit, and (ii) the amount Defendants intended to claim as a tip credit.

56.     The Third Circuit and district courts across the country have held that where an employer fails to satisfy any one of the notification requirements, that employer forfeits the tip

---

[2] Courts have strictly construed this notification requirement. Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

credit and must pay the employee the full minimum wage.

57.     Indeed, Plaintiff does not ever recall being notified by Defendants that they intended to take a "tip credit," nor how much that amount would be.  Evincing the magnitude of Defendants' abject failure to notify Tipped Employees of their intention to take a tip credit, until recently, Plaintiff never heard the term "tip credit."

58.     Defendants also failed to comply with 43 P.S. § 231.34, insofar as they failed to notify employees in writing whenever the tip credit claimed by Defendants changed.  Rather, Defendants took the maximum tip credit permissible irrespective of whether its Tipped Employee actually earned sufficient tips to substantiate the tip credit claimed.

59.     Finally, Defendants also violated Section 279:26-b of the NHMWL insofar as they mandated that Tipped Employees, including Plaintiff, participate in a tip pooling/tip sharing arrangement.  As New Hampshire wage law makes clear, "[t]ips are wages and shall be the property of the employee receiving the tip and shall be retained by the employee, unless the employee *voluntarily and without coercion* from his or her employer agrees to participate in a tip pooling or tip sharing arrangement."  23 R.S.A. 279:26-b (emphasis added).

60.     Because Plaintiff did not voluntarily participate in a tip pool/tip sharing arrangement, but rather was instructed to as part of Defendants' employment practices, Defendants' illegally required Plaintiff to surrender a portion of his tips.

61.     Consequently, Plaintiff and other Tipped Employees in New Hampshire were paid less than the applicable minimum wage.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

62.     Plaintiff brings this action on behalf of the FLSA Collective Class as a collective action pursuant to the FLSA.  Plaintiff also brings this action as a class action pursuant to Rule 23

on behalf of himself and state classes, including the PA Class for claims under the PA State Laws and the NH Class for claims under the NH State Laws.

63.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).  The claims brought pursuant to the PA State Laws and NH State Laws may be pursued by all similarly-situated persons who do not opt-out of the PA Class or NH Class pursuant to Rule 23.

64.     Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over 30 individuals in each of the Classes.

65.     Defendants have acted or have refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

66.     The claims of Plaintiff are typical of the claims of the Classes he seeks to represent.  Plaintiff and the members of the Classes work or have worked for Defendants and were subject to the same compensation policies and practices.

67.     Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a.     whether Defendants were precluded from claiming the tip credit during the period encompassed by this Complaint;

    b.     whether Defendants have failed to pay minimum wages for each hour worked; and

    c.     whether Plaintiffs and members of the Classes are entitled to compensatory

11

damages, and if so, the means of measuring such damages.

68.     Plaintiff will fairly and adequately protect the interests of the Classes as his interests are aligned with those of the members of the Classes.  Plaintiff has no interests adverse to the Classes he seeks to represent, and has retained competent and experienced counsel.

69.     The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

70.     Plaintiff and the Classes he seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

71.     Defendants have violated and, continue to violate, the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and willful violation of the PMWA and NHMWL.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**
**(On Behalf of the FLSA Collective Class)**

72.     Plaintiff, on behalf of himself and the FLSA Collective Class, re-alleges and incorporate by reference the paragraphs above as if they were set forth again herein.

73.     At all relevant times, Defendants have had gross revenues in excess of $500,000.00.

74.     At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and

207(a).

75.     At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and each of the FLSA Collective Class Members within the meaning of the FLSA.

76.     Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the federally-mandated minimum wage, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage.

77.     Defendants have violated and, continue to violate, the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

78.     Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the members of the FLSA Collective Class, are entitled to recover from the Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### PENNSYLVANIA MINIMUM WAGE ACT– MINIMUM WAGE VIOLATIONS
#### (On Behalf of the PA Class)

79.     Plaintiff, on behalf of himself and the members of the PA Class, re-alleges and incorporate by reference the paragraphs above as if they were set forth again herein.

80.     At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and each of the PA Class Members within the meaning of the PMWA.

81.     Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the Pennsylvania mandated minimum wage, Defendants improperly took a tip credit and paid Tipped Employees at a rate well below the Pennsylvania minimum wage.

82.     Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the required minimum wage in Pennsylvania, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage.

83.     At relevant times in the period encompassed by this Complaint, Defendants had a willful policy and practice of failing to satisfy the notification requirements in order for Defendants to claim the tip credit.

84.     As a result of Defendants' willful practices, Defendants were not entitled to claim the tip credit and pay Plaintiff and the members of the PA Class less than the Pennsylvania minimum wage for all hours worked.

85.     Defendants have violated and, continue to violate, the PMWA.

86.     Due to the Defendants' violations, Plaintiff, on behalf of himself and the members of the PA Class, are entitled to recover from Defendants the amount of unpaid minimum wages, attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### NEW HAMPSHIRE MINIMUM WAGE VIOLATIONS
### (On Behalf of the NH Class)

87.     Plaintiff, on behalf of himself and the members of the NH Class, re-alleges and incorporate by reference the paragraphs above as if they were set forth again herein.

88.     At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and each of the NH Class Members within the meaning of the NHMWL.

89.     Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the New Hampshire mandated minimum wage, Defendants improperly took a tip credit and paid Tipped Employees at a rate well below the New Hampshire minimum wage.

90.     Pursuant to Defendants' compensation policies, rather than pay Tipped Employees

the required minimum wage in New Hampshire, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage.

91. At relevant times in the period encompassed by this Complaint, Defendants had a willful policy and practice of failing to satisfy the notification requirements in order for Defendants to claim the tip credit.

92. As a result of Defendants' willful practices, Defendants were not entitled to claim the tip credit and pay Plaintiff and the members of the NH Class less than the New Hampshire minimum wage for all hours worked.

93. Defendants have violated and, continue to violate, the NHMWL.

94. Due to the Defendants' violations, Plaintiff, on behalf of himself and the members of the NH Class, are entitled to recover from Defendants the amount of unpaid minimum wages, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the FLSA Collective Class and members of the PA Class and NH Class respectfully requests the Court grant the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

B. Designation of the action as a class action under Rule 23 on behalf of the PA Class and the NH Class;

C. Designation of Plaintiff as representative of the FLSA Collective Class, the PA

Class, and the NH Class;

D. Designation of Plaintiff's counsel as class counsel for the FLSA Collective Class, the PA Class, and the NH Class;

E. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, PMWA, and NHMWL;

F. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

G. An award of unpaid minimum wages to Plaintiff and the members of the Classes;

H. An award of unpaid overtime wages to Plaintiff and the members of the Classes;

I. An award of liquidated damages to Plaintiff and members of the Classes;

J. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

K. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

**(SIGNATURE ON THE NEXT PAGE)**

Date: <u>February 22, 2016</u>

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Arkady "Eric" Rayz
Demetri A. Braynin
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone:  (215) 364-5030
Facsimile:  (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 308
King of Prussia, PA 19406
Telephone:  (610) 822-3700
Facsimile:  (610) 822-3800
Email: gwells@cwg-law.com
Email: rgray@cwg-law.com

Counsel for Plaintiff and the Proposed Class

## CONSENT TO BECOME A PARTY PLAINTIFF

1.      I, Adam Calabrese, consent to sue as a Plaintiff in this action, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq.

2.      During the applicable period, I was an employee of Defendants and was not paid the mandated minimum wage for all hours worked.

3.      By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendants' improper use of a tip credit and failure to pay minimum wages as required under federal law.


2/22/2016
Date

Adam Calabrese
Print Name

Signature