IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM CALABRESE, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>     v.<br><br>TGI FRIDAYS INC.; SENTINEL CAPITAL PARTNERS; TRIARTISAN CAPITAL PARTNERS; CARLSON COMPANIES; AND DOE DEFENDANTS 1-10,<br><br>              Defendants. | Civil Action No. 2:16-cv-00868-JCJ<br><br>Date of Filing:     February 23, 2016<br><br>**FIRST AMENDED ANSWER TO CLASS AND COLLECTIVE ACTION COMPLAINT** |

**FIRST AMENDED ANSWER TO CLASS AND COLLECTIVE ACTION COMPLAINT**

Defendants TGI Friday's Inc. ("TGI Friday's"), Sentinel Capital Partners ("Sentinel") and TriArtisan Capital Partners ("TriArtisan") (hereinafter "Defendants"), by and through their attorneys Seyfarth Shaw LLP, hereby answer the Class and Collective Action Complaint, filed by Plaintiff on February 23, 2016, and assert defenses, as follows:

**INTRODUCTION**

**COMPLAINT ¶1:**

This is class and collective action brought on behalf of "Tipped Employees" who work or have worked at restaurant facilities operating under the trade name of "T.G.I. Friday's." T.G.I. Friday's is a chain of restaurants that, according to their website, are ninety percent (90%) owned and operated by franchisees. *See http://mediaroom.fridays.com/news-releases/tgi-fridays-completes-goal-to-refranchise-majority-of-restaurants-ahead-of-schedule-positions-company-for-future-growth/* (last visited February 17, 2016).

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 1, except admit that Plaintiff purports to bring a class and collective action lawsuit on behalf of himself and certain other individuals who are not parties to this action, and further admit that an October, 29, 2015 press release available

on TGI Friday's website states that 90% of TGI Friday's U.S. restaurants were owned and

operated by franchisees.

## COMPLAINT ¶2:

T.G.I. Friday's is currently owned and/or operated by Defendants Sentinel Capital Partners ("Sentinel") and TriArtisan Capital Partners ("TriArtisan"). Sentinel and TriArtisan purchased T.G.I. Friday's from Carlson Companies in May 2014.

## ANSWER:

Defendants deny the allegations contained in Paragraph 2, except admit that Sentinel and

TriArtisan purchased TGI Friday's from Carlson Restaurants, Inc. in July 2014.

## COMPLAINT ¶3:

Upon information and belief, Defendant TGI Fridays Inc. does the payroll processing and is the source for the HR policies complained of below.

## ANSWER:

Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 3 regarding "the source for the HR policies complained of below" given

the vague nature of the allegation. Defendants deny the remaining allegations in Paragraph 3.

## COMPLAINT ¶4:

Defendants TGI Fridays Inc., Sentinel Capital Partners, TriArtisan Capital Partners, and Carlson Companies are collectively referred to herein as "Fridays" or "Defendants."

## ANSWER:

Defendants admit that Plaintiff purports to refer to TGI Friday's, Sentinel, TriArtisan, and

Carlson Restaurants, Inc. (incorrectly identified in the Complaint as "Carlson Companies")

collectively as "Friday's" or "Defendants" in the Complaint, however Defendants deny any

suggestion that the entities are a single or joint employer.

## COMPLAINT ¶5:

Defendants employ individuals as "bartenders," "servers" and "bussers" (collectively "Tipped Employees"), who are and/or were subjected to Defendants' unlawful pay practices.

28141186v.1

**ANSWER:**

Defendants deny the allegations contained in Paragraph 5.

**COMPLAINT ¶6:**

      As explained in detail below, Defendants systematically and willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101 *et seq.*, and the New Hampshire Minimum Wage Law ("NHMWL"), 23 R.S.A. 279 *et seq.*, by, among other things, failing to satisfy the notice requirements of the tip credit provisions of the FLSA and applicable state laws.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 6.

**COMPLAINT ¶7:**

      Due to Defendants' unlawful failure to properly inform Tipped Employees of its intention to utilize a "tip credit," Defendants have improperly applied a "tip credit" against the wages paid to Plaintiff and current and former Tipped Employees, thus paying them less than the mandated minimum wage.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 7.

**COMPLAINT ¶8:**

      As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 8.

## SUMMARY OF CLAIMS

**COMPLAINT ¶9:**

      Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the FLSA.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 9, except admit that Plaintiff purports to

bring an action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").

**COMPLAINT ¶10:**

In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Tipped Employees who have worked for Defendants in Pennsylvania and/or New Hampshire within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("FLSA Collective Class").

**ANSWER:**

Defendants deny the allegations contained in Paragraph 10, except admit that Plaintiff purports to bring this lawsuit under the FLSA on behalf of himself and other current and former tipped employees who worked for TGI Friday's in Pennsylvania and New Hampshire during the statutory period and who elect to opt in to this action, which he refers to as the FLSA Collective Class.

**COMPLAINT ¶11:**

In addition, Plaintiff also brings this action as a state-wide class action to recover unpaid wages, and failing to pay the applicable minimum wage, pursuant to the PMWA.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 11, except admit that Plaintiff purports to bring a class action pursuant to the Pennsylvania Minimum Wage Act ("PMWA").

**COMPLAINT ¶12:**

Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Tipped Employees who have worked for Defendants in the Commonwealth of Pennsylvania during the statutory period covered by this Complaint (the "PA Class").

**ANSWER:**

Defendants deny the allegations contained in Paragraph 12, except admit that Plaintiff purports to bring a class action on behalf of a class of current and former tipped employees who were

employed by TGI Friday's in Pennsylvania during the statutory period, which he refers to as the "PA Class."

**COMPLAINT ¶13:**

Further, Plaintiff also brings this action as a state-wide class action to recover unpaid wages, and failing to pay the applicable minimum wage, pursuant to the NHMWL.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 13, except admit that Plaintiff purports to bring a class action pursuant to the New Hampshire Minimum Wage Law ("NHMWL").

**COMPLAINT ¶14:**

Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Tipped Employees who have worked for Defendants in the State of New Hampshire during the statutory period covered by this Complaint (the "NH Class").

**ANSWER:**

Defendants deny the allegations contained in Paragraph 14, except admit that Plaintiff purports to bring a class action on behalf of a class of current and former tipped employees who were employed by TGI Friday's in New Hampshire during the statutory period, which he refers to as the "NH Class."

**COMPLAINT ¶15:**

The FLSA Collective Class, the PA Class, and the NH Class are hereafter collectively referred to as the "Classes."

**ANSWER:**

Defendants deny that this action is appropriate for class or collective treatment, but admit that Plaintiff purports to collectively refer to the "FLSA Collective Class," the "PA Class," and the "NH Class," as "Classes" in the Complaint.

28141186v.1

**COMPLAINT ¶16:**

Plaintiff alleges on behalf of the FLSA Collective Class that they are:  (i) entitled to unpaid minimum wages from Defendants for hours worked for which Defendants failed to comply with the notice provisions of the tip credit and pay the mandatory minimum wage, as required by law and (ii) entitled to liquidated damages pursuant to the FLSA.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 16.

**COMPLAINT ¶17:**

Plaintiff alleges on behalf of the PA Class that Defendants violated the PMWA by failing to comply with the tip credit provisions, as required by law, consequently failing to pay them the appropriate minimum wages for all hours worked.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 17.

**COMPLAINT ¶18:**

Plaintiff alleges on behalf of the NH Class that Defendants violated the NHMWL by failing to comply with the tip credit provisions, as required by law, consequently failing to pay them the appropriate minimum wages for all hours worked.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 18.

**PARTIES**

**COMPLAINT ¶19:**

Plaintiff is a resident of the Commonwealth of Pennsylvania who was employed by Defendants as a "server" in their Montgomery Mall location from May 2014 through September 2014.  In addition, Plaintiff also worked as a "server" in Defendants' Concord, New Hampshire location from September 2013 to April 2014 and then again from September 2014 to February 2015.  While employed by Defendants, Defendants failed to compensate Plaintiff properly for all hours he worked.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 19 regarding Plaintiff's residence.  Defendants deny the remainder of

allegations contained in Paragraph 19, except admit that Plaintiff was employed by TGI Friday's

28141186v.1

as a server at the Montgomery Mall restaurant located in North Wales, Pennsylvania, from May

2014 through July 2014, and as a server at the Concord, New Hampshire restaurant from

September 2013 to April 2014.

**COMPLAINT ¶20:**

Pursuant to Section 216(b) of the FLSA, Plaintiff has consented in writing to be a plaintiff in this action.  His executed Consent To Sue form is attached hereto as Exhibit "A."

**ANSWER:**

Defendants admit the allegations contained in Paragraph 20.

**COMPLAINT ¶21:**

Defendant TGI Fridays Inc. is headquartered in Carrollton, Texas.  It operates "T.G.I. Friday's" restaurants throughout the country, including in Pennsylvania.  At all relevant times during the statutory period covered by this Complaint, Defendant has transacted business within the Commonwealth of Pennsylvania, including within this district.

**ANSWER:**

Defendants deny that TGI Friday's is headquartered in Carrollton, Texas, admit that TGI

Friday's has transacted business within the Commonwealth of Pennsylvania during the statutory

period, and deny the remaining allegations in Paragraph 21.

**COMPLAINT ¶22:**

Defendant Sentinel Capital Partners operates "T.G.I. Friday's" restaurants throughout the country, including in Pennsylvania.  Along with Defendant TriArtisan Capital Partners, it purchased "T.G.I. Friday's" restaurants from Defendant Carlson Companies in approximately May 2014.  Thus, during a portion of the statutory period covered by this Complaint, Defendant has transacted business within the Commonwealth of Pennsylvania, including within this district.

**ANSWER:**

Defendants deny that Sentinel and TriArtisan purchased TGI Friday's in May 2014, admit that

Sentinel and TriArtisan purchased TGI Friday's in July 2014, and deny the remaining allegations

in Paragraph 22.

28141186v.1

**COMPLAINT ¶23:**

Defendant TriArtisan Capital Partners operates "T.G.I. Friday's" restaurants throughout the country, including in Pennsylvania.  Along with Defendant TriArtisan Capital Partners, it purchased "T.G.I. Friday's" restaurants from Defendant Carlson Companies in approximately May 2014.  Thus, during a portion of the statutory period covered by this Complaint, Defendant has transacted business within the Commonwealth of Pennsylvania, including within this district.

**ANSWER:**

Defendants deny that TriArtisan and Sentinel purchased TGI Friday's in May 2014, admit that

TriArtisan and Sentinel purchased TGI Friday's in July 2014, and deny the remaining allegations

in Paragraph 23.

**COMPLAINT ¶24:**

Defendant Carlson Companies is also headquartered in Carrollton, Texas.  Prior to selling its stake to Defendants Sentinel Capital Partners and TriArtisan Capital Partners in May 2014, it operated "T.G.I. Friday's" restaurants throughout the country, including in Pennsylvania. During a portion of the statutory period covered by this Complaint, Defendant has transacted business within the Commonwealth of Pennsylvania, including within this district.

**ANSWER:**

Defendants deny that Carlson Restaurants, Inc. sold TGI Friday's to Sentinel and TriArtisan in

May 2014, admit that Carlson Restaurants, Inc. sold TGI Friday's to Sentinel and TriArtisan in

July 2014, deny that Carlson Restaurants, Inc. operated TGI Friday's restaurants, and deny

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 24.

**COMPLAINT ¶25:**

Together Defendants TGI Fridays Inc., Sentinel Capital Partners, TriArtisan Capital Partners, and Carlson Companies jointly employed Tipped Employees and are responsible for the employment practices complained of herein.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 25.

**COMPLAINT ¶26:**

Upon information and belief, certain of Defendants are a single and joint employer with a high degree of interrelated and unified operations, sharing common officers with a common address.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 26.

**COMPLAINT ¶27:**

Each of the Defendants has had substantial control over Tipped Employees working conditions, and over the unlawful policies and practices alleged herein during relevant times of the class periods.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 27.

**COMPLAINT ¶28:**

Accordingly, during all relevant times, Defendants have been employers of Tipped Employees, including Plaintiff, within the meaning of the FLSA, PMWA, and the NHMWL.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 28.

**COMPLAINT ¶29:**

Plaintiff is unaware of the names and the capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this Complaint once their identities become known to Plaintiff.  Upon information and belief, Plaintiff alleges that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the Defendant.  In engaging in the alleged conduct herein, defendants acted in the course, scope of, and in furtherance of the aforementioned relationship.  Accordingly, unless otherwise specified herein, Plaintiff will refer to all defendants collectively as "Defendants" and each allegation pertains to each of the defendants.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the allegations

contained in Paragraph 29.

## JURISDICTION AND VENUE

**COMPLAINT ¶30:**

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

**ANSWER:**

Paragraph 30 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendants admit that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and the FLSA.

**COMPLAINT ¶31:**

Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

**ANSWER:**

Paragraph 31 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendants admit that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1367.

**COMPLAINT ¶32:**

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

**ANSWER:**

Paragraph 32 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 32.

**COMPLAINT ¶33:**

This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

Paragraph 33 sets forth a legal conclusion to which no response is required.  To the extent that a

response is required, Defendants admit that the Court is empowered to issue declaratory relief

pursuant to 28 U.S.C. §§ 2201 and 2202 and deny that Plaintiff is entitled to a declaratory

judgment.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶34:**

> The crux of the FLSA, PA State Laws, and New Hampshire State Laws is, *inter alia*, that all employees are entitled to be paid mandated minimum wages for all hours worked.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the allegations

contained in Paragraph 34 due to the vagueness of the allegations, and aver that federal law,

Pennsylvania law and New Hampshire law contain provisions requiring that employees receive a

certain minimum hourly wage for work performed.

**COMPLAINT ¶35:**

> Contrary to these basic protections, Plaintiff and the members of the Classes were deprived of the mandated minimum wage for all hours they worked.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 35.

**COMPLAINT ¶36:**

> Plaintiff and the members of the Classes are, or were, Tipped Employees employed by Defendants.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 36.

**Plaintiff's Experience Working For Defendants**

**COMPLAINT ¶37:**

  As set forth above, Plaintiff was employed by Defendants as a "server" in both their Montgomery Mall location in Pennsylvania and at their Concord location in New Hampshire.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 37, except admit that Plaintiff was

employed by TGI Friday's as a server at both the Montgomery Mall, Pennsylvania and Concord,

New Hampshire locations.

**COMPLAINT ¶38:**

  In each location, Plaintiff was paid an hourly cash wage rate from Defendants and earned tips from customers who chose to leave him a gratuity.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 38, except admit that Plaintiff was paid

an hourly cash wage from TGI Friday's and earned tips from customers who chose to leave him

a gratuity.

**COMPLAINT ¶39:**

  In Pennsylvania, Defendants paid Plaintiff an hourly wage rate of $2.83.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 39, except admit that TGI Friday's paid

Plaintiff an hourly wage rate of $2.83 for certain hours in which he worked in a tipped

occupation in Pennsylvania.

**COMPLAINT ¶40:**

  While employed in New Hampshire, Defendants paid Plaintiff an hourly wage rate of $3.26.

28141186v.1

**ANSWER:**

Defendants deny the allegations contained in Paragraph 40, except admit that TGI Friday's paid

Plaintiff an hourly wage rate of $3.27 for certain hours in which he worked in a tipped

occupation in New Hampshire.

**COMPLAINT ¶41:**

      In Pennsylvania, Plaintiff typically worked 5 shifts per week, working on average 30 hours or more per week.  His typical shift lasted around 6 hours, starting at 4 and ending at 10.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 41.

**COMPLAINT ¶42:**

      In New Hampshire, Plaintiff typically worked 5 shifts per week, working on average 30 hours or more per week.  His typical shift lasted around 6 hours, starting at 4 and ending at 10.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 42.

**COMPLAINT ¶43:**

      At each location Plaintiff worked he was paid his straight hourly rate of either $2.83 (if working in Pennsylvania) or $3.26 (if working in New Hampshire), irrespective of the number of hours worked or the amount of tips received.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 43.

**COMPLAINT ¶44:**

      Upon information and belief, all "T.G.I. Friday's" locations are/were operated by Defendants under uniform policies applicable to the members of the Classes.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 44.

**The Tip Credit Provision & Requirements**

**COMPLAINT ¶45:**

Rather than pay its Tipped Employees the applicable minimum wage (either the applicable state minimum wage or the federal minimum wage, whichever is higher), Defendants chose to take a tip credit and pay these employees less than the applicable minimum wage.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 45, except admit that TGI Friday's utilized the tip credit when paying employees who worked in a tipped occupation and aver that its use of the tip credit was lawful and proper.

**COMPLAINT ¶46:**

Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the tip credit wage paid by the employer equals at least the applicable minimum wage.

**ANSWER:**

Paragraph 46 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 due to the vagueness of the allegations, and aver that employers may lawfully utilize a tip credit when paying employees who work in a tipped occupation.

**COMPLAINT ¶47:**

According to the Department of Labor's ("DOL") Fact Sheet #15:  Tipped Employees Under the Fair Labor Standards Act (FLSA) ("Fact Sheet #15"):

> the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

28141186v.1

**ANSWER:**

Defendants admit that the quoted language appears in the Department of Labor's Fact Sheet #15

("DOL Fact Sheet #15"), and refer the Court to DOL Fact Sheet #15 for a complete statement of

its contents.

**COMPLAINT ¶48:**

      Pennsylvania mandates a higher minimum cash wage, requiring employers to pay at least $2.83 per hour.  Thus, under Pennsylvania law, the maximum tip credit is $4.42 per hour.

**ANSWER:**

Defendants admit that the maximum tip credit in Pennsylvania is $4.42 per hour, admit that

employers utilizing the tip credit must pay a direct cash wage of at least $2.83 per hour, and deny

the remaining allegations in Paragraph 48.

**COMPLAINT ¶49:**

      New Hampshire requires an even higher minimum cash wage, mandating that employers pay their tip earning employees "not less than 45 percent of the applicable minimum wage." *See* 23 R.S.A. § 279:21.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth of the

phrase "even higher" given the vagueness of the allegation, admit the remaining allegations in

Paragraph 49, and refer the Court to the statute for a complete statement of its contents.

**COMPLAINT ¶50:**

      As is made plain in Fact Sheet #15, in order to claim a tip credit, the employer must notify its employees of its intention to take the tip credit and must also inform its employees that all tips received by the employee are to be retained by the employee (except for those tips that are part of a valid tip pooling arrangement).

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth of the

phrase "made plain" given the vagueness of the allegation, admit the remaining allegations in

Paragraph 50, and refer to the Court to DOL's Fact Sheet #15 for a complete statement of its

contents.

**COMPLAINT ¶51:**

Moreover, an employer must explicitly notify the employee as to the amount of the tip credit and inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth of

Paragraph 51 given the vagueness of the allegations, except admit that DOL Fact Sheet #15

articulates a notice requirement for employers utilizing the tip credit, and refer the Court to DOL

Fact Sheet #15 for a complete statement of its contents.

**COMPLAINT ¶52:**

An employer bears the burden of showing that it has satisfied the notification requirement of informing its employees that tips are being credited against the employee's hourly wage.  If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

**ANSWER:**

Defendants deny the allegations at Paragraph 52, except admit that employers must demonstrate

compliance with tip credit notification requirements.

**COMPLAINT ¶53:**

Further, where a tipped employee earns less in tips than the tip credit claimed, the employer is required to make up the difference.  Stated another way, if a tipped employee earns less than $4.42 per hour in tips (the maximum tip credit permissible where the employer pays the employee $2.83 per hour), the employer must raise that tipped employee's hourly cash component the necessary amount above $2.83 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated minimum wage.

**ANSWER:**

Defendants admit the allegations at Paragraph 53 to the extent they concern non-overtime hours.

**Defendants' Failure to Notify Tipped Employees**

**COMPLAINT ¶54:**

     As explained above, the DOL has very specific requirements regarding what an employer must notify his/her employee of if that employer intends to claim a tip credit.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 54 due to the vagueness of the allegations, and aver that there are certain

notice requirements for an employer to claim a tip credit under the FLSA.

**COMPLAINT ¶55:**

     Rather than comply with the notification requirements set forth in Fact Sheet #15, Defendants chose to simply pay its Tipped Employees between $2.83 and $3.26 per hour.  In short, Defendants failed to inform its Tipped Employees of (i) their intention to take the tip credit, and (ii) the amount Defendants intended to claim as a tip credit.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 55.

**COMPLAINT ¶56:**

     The Third Circuit and district courts across the country have held that where an employer fails to satisfy any one of the notification requirements, that employer forfeits the tip credit and must pay the employee the full minimum wage.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 56 due to the vagueness and breadth of the allegations.

**COMPLAINT ¶57:**

     Indeed, Plaintiff does not ever recall being notified by Defendants that they intended to take a "tip credit," nor how much that amount would be.  Evincing the magnitude of Defendants' abject failure to notify Tipped Employees of their intention to take a tip credit, until recently, Plaintiff never heard the term "tip credit."

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 57 regarding Plaintiff's recollection of notice he received regarding the

tip credit, and deny the remaining allegations in Paragraph 57.

**COMPLAINT ¶58:**

Defendants also failed to comply with 43 P.S. § 231.34, insofar as they failed to notify employees in writing whenever the tip credit claimed by Defendants changed.  Rather, Defendants took the maximum tip credit permissible irrespective of whether its Tipped Employee actually earned sufficient tips to substantiate the tip credit claimed.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 58.

**COMPLAINT ¶59:**

Finally, Defendants also violated Section 279:26-b of the NHMWL insofar as they mandated that Tipped Employees, including Plaintiff, participate in a tip pooling/tip sharing arrangement.  As New Hampshire wage law makes clear, "[t]ips are wages and shall be the property of the employee receiving the tip and shall be retained by the employee, unless the employee *voluntarily and without coercion* from his or her employer agrees to participate in a tip pooling or tip sharing arrangement."  23 R.S.A. 279:26-b (emphasis added).

**ANSWER:**

Defendants deny the allegations contained in Paragraph 59.

**COMPLAINT ¶60:**

Because Plaintiff did not voluntarily participate in a tip pool/tip sharing arrangement, but rather was instructed to as part of Defendants' employment practices, Defendants' illegally required Plaintiff to surrender a portion of his tips.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 60.

**COMPLAINT ¶61:**

Consequently, Plaintiff and other Tipped Employees in New Hampshire were paid less than the applicable minimum wage.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 61.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

**COMPLAINT ¶62:**

Plaintiff brings this action on behalf of the FLSA Collective Class as a collective action pursuant to the FLSA.  Plaintiff also brings this action as a class action pursuant to Rule 23 on behalf of himself and state classes, including the PA Class for claims under the PA State Laws and the NH Class for claims under the NH State Laws.

**ANSWER:**

Defendants admit that Plaintiff purports to bring a collective action pursuant to the FLSA and a

class action pursuant to Rule 23 under the laws of Pennsylvania and New Hampshire, and deny

that this action is appropriate for class or collective treatment.

**COMPLAINT ¶63:**

The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).  The claims brought pursuant to the PA State Laws and NH State Laws may be pursued by all similarly-situated persons who do not opt-out of the PA Class or NH Class pursuant to Rule 23.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 63.

**COMPLAINT ¶64:**

Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over 30 individuals in each of the Classes.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 64, except deny knowledge or

information sufficient to form a belief as the truth of the allegations in Paragraph 64 regarding

Plaintiff's knowledge or belief as to the number of individuals in any putative class or collective.

**COMPLAINT ¶65:**

Defendants have acted or have refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 65.

**COMPLAINT ¶66:**

The claims of Plaintiff are typical of the claims of the Classes he seeks to represent. Plaintiff and the members of the Classes work or have worked for Defendants and were subject to the same compensation policies and practices.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 66.

**COMPLAINT ¶67:**

Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

     a.    whether Defendants were precluded from claiming the tip credit during the period encompassed by this Complaint;

     b.    whether Defendants have failed to pay minimum wages for each hour worked; and

     c.    whether Plaintiffs and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 67.

**COMPLAINT ¶68:**

Plaintiff will fairly and adequately protect the interests of the Classes as his interests are aligned with those of the members of the Classes.  Plaintiff has no interests adverse to the Classes he seeks to represent, and has retained competent and experienced counsel.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations in the second sentence of Paragraph 68 regarding Plaintiff's adverse interests or the

competency and experience of counsel, and deny the remaining allegations contained in

Paragraph 68.

**COMPLAINT ¶69:**

The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 69.

**COMPLAINT ¶70:**

Plaintiff and the Classes he seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 70.

**COMPLAINT ¶71:**

Defendants have violated and, continue to violate, the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and willful violation of the PMWA and NHMWL.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 71.

28141186v.1

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**
(On Behalf of the FLSA Collective Class)

**COMPLAINT ¶72:**

Plaintiff, on behalf of himself and the FLSA Collective Class, re-alleges and incorporate by reference the paragraphs above as if they were set forth again herein.

**ANSWER:**

Defendants reassert all answers provided in all preceding paragraphs.

**COMPLAINT ¶73:**

At all relevant times, Defendants have had gross revenues in excess of $500,000.00.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 73, except admit that TGI Fridays has an annual gross volume of sales

in excess of $500,000.

**COMPLAINT ¶74:**

At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 74, except admit that TGI Fridays, Sentinel and TriArtisan are each

employers within the meaning of the FLSA, and deny that Sentinel and TriArtisan employed

Plaintiff or any member of the putative class or collective.

**COMPLAINT ¶75:**

At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and each of the FLSA Collective Class Members within the meaning of the FLSA.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 74.

**COMPLAINT ¶76:**

      Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the federally-mandated minimum wage, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage.

**ANSWER:**

Defendants deny the allegations in Paragraph 76, except admit that TGI Friday's utilized the tip credit when paying employees who worked in a tipped occupation and aver that TGI Friday's use of the tip credit was lawful and proper.

**COMPLAINT ¶77:**

      Defendants have violated and, continue to violate, the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**ANSWER:**

Defendants deny the allegations contained in Paragraph 77.

**COMPLAINT ¶78:**

      Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the members of the FLSA Collective Class, are entitled to recover from the Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

Defendants deny the allegations contained in Paragraph 78.

**SECOND CLAIM FOR RELIEF**
**PENNSYLVANIA MINIMUM WAGE ACT – MINIMUM WAGE VIOLATIONS**
**(On Behalf of the PA Class)**

**COMPLAINT ¶79:**

      Plaintiff, on behalf of himself and the members of the PA Class, re-alleges and incorporate by reference the paragraphs above as if they were set forth again herein.

**ANSWER:**

Defendants reassert all answers provided in all preceding paragraphs.

28141186v.1

**COMPLAINT ¶80:**

At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and each of the PA Class Members within the meaning of the PMWA.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 80.

**COMPLAINT ¶81:**

Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the Pennsylvania mandated minimum wage, Defendants improperly took a tip credit and paid Tipped Employees at a rate well below the Pennsylvania minimum wage.

**ANSWER:**

Defendants deny the allegations in Paragraph 81, except admit that TGI Friday's utilized the tip credit when paying employees who worked in a tipped occupation and aver that TGI Friday's use of the tip credit was lawful and proper.

**COMPLAINT ¶82:**

Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the required minimum wage in Pennsylvania, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage.

**ANSWER:**

Defendants deny the allegations in Paragraph 82, except admit that TGI Friday's utilized the tip credit when paying employees who worked in a tipped occupation and aver that its use of the tip credit was lawful and proper.

**COMPLAINT ¶83:**

At relevant times in the period encompassed by this Complaint, Defendants had a willful policy and practice of failing to satisfy the notification requirements in order for Defendants to claim the tip credit.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 83.

**COMPLAINT ¶84:**

As a result of Defendants' willful practices, Defendants were not entitled to claim the tip credit and pay Plaintiff and the members of the PA Class less than the Pennsylvania minimum wage for all hours worked.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 84.

**COMPLAINT ¶85:**

Defendants have violated and, continue to violate, the PMWA.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 85.

**COMPLAINT ¶86:**

Due to the Defendants' violations, Plaintiff, on behalf of himself and the members of the PA Class, are entitled to recover from Defendants the amount of unpaid minimum wages, attorneys' fees and costs.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 86.

**THIRD CLAIM FOR RELIEF**
**NEW HAMPSHIRE MINIMUM WAGE VIOLATIONS**
**(On Behalf of the NH Class)**

**COMPLAINT ¶87:**

Plaintiff, on behalf of himself and the members of the NH Class, re-alleges and incorporate by reference the paragraphs above as if they were set forth again herein.

**ANSWER:**

Defendants reassert all answers provided in all preceding paragraphs.

**COMPLAINT ¶88:**

At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and each of the NH Class Members within the meaning of the NHMWL.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 88.

28141186v.1

**COMPLAINT ¶89:**

 Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the New Hampshire mandated minimum wage, Defendants improperly took a tip credit and paid Tipped Employees at a rate well below the New Hampshire minimum wage.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 89.

**COMPLAINT ¶90:**

 Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the required minimum wage in New Hampshire, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage.

**ANSWER:**

Defendants deny the allegations in Paragraph 90, except admit that TGI Friday's utilized the tip credit when paying employees who worked in a tipped occupation and aver that its use of the tip credit was lawful and proper.

**COMPLAINT ¶91:**

 At relevant times in the period encompassed by this Complaint, Defendants had a willful policy and practice of failing to satisfy the notification requirements in order for Defendants to claim the tip credit.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 91.

**COMPLAINT ¶92:**

 As a result of Defendants' willful practices, Defendants were not entitled to claim the tip credit and pay Plaintiff and the members of the NH Class less than the New Hampshire minimum wage for all hours worked.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 92.

**COMPLAINT ¶93:**

 Defendants have violated and, continue to violate, the NHMWL.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 93.

**COMPLAINT ¶94:**

Due to the Defendants' violations, Plaintiff, on behalf of himself and the members of the NH Class, are entitled to recover from Defendants the amount of unpaid minimum wages, attorneys' fees and costs.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 94.

Defendants deny that Plaintiff is entitled to any of the relief sought in the Prayer for Relief and WHEREFORE clause at pages 15-16 of the Complaint, or otherwise.

## JURY DEMAND

Defendants deny the Plaintiff's right to a trial by jury on all issues, and specifically object to the extent that the Plaintiff is not entitled to a trial by jury on any claims for equitable relief and/or on any other issues as to which a jury trial is not permitted as of right.  Unless expressly admitted or otherwise responded to herein, Defendants deny each and every allegation in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.  Defendants' affirmative and other defenses are each asserted with respect to the claims of the individual plaintiff and also asserted with respect to the Rule 23 class claims and the FLSA collective action claims. Defendants further aver that certain of Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defenses, and thus expressly reserve their right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

28141186v.1

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted, either on his own behalf or on behalf of those persons he purports to represent, or to whom he is purportedly similarly situated.

## SECOND DEFENSE

The complaint, and each claim purported to be alleged therein, is barred to the extent the Court lacks subject matter jurisdiction over the stated claims.

## THIRD DEFENSE

This case may not be maintained as a collective action because Plaintiff is not similarly situated to the persons whom he purports to represent, and he and his counsel are not adequate representatives for such persons, such that Plaintiff cannot satisfy the requirements of 29 U.S.C. § 216(b).  Defendants specifically maintain that Plaintiff's Complaint fails to meet the requirements necessary to justify a collective action or issuance of notice pursuant to 29 U.S.C. § 216(b).

## FOURTH DEFENSE

This action is not a proper Rule 23 class action under Pennsylvania or New Hampshire law.

## FIFTH DEFENSE

Some or all of Plaintiff's and/or the putative class members' claims are barred in whole or in part by the applicable statute of limitations.

**SIXTH DEFENSE**

Neither Sentinel nor Artisan were Plaintiff's employer, nor were they part of a "Joint Enterprise" as defined by the FLSA, and they are not proper defendants in this action.

**SEVENTH DEFENSE**

Defendants at all times, and in all manners, acted in accordance with any and all duties and obligations under the FLSA or corresponding state laws or regulations.

**EIGHTH DEFENSE**

Subject to proof through discovery, some or all of the claims asserted by Plaintiff and/or the putative class members, are barred in whole or in part by the doctrines of after-acquired evidence and/or unclean hands.

**NINTH DEFENSE**

Subject to proof through discovery, some or all of Plaintiff's and/or the putative class members' claims are barred in whole or in part by the doctrines of estoppel, quasi-estoppel, and/or equitable estoppel to the extent Plaintiff and/or the putative class members violated policies by under-reporting and/or failing to report their hours worked.

**TENTH DEFENSE**

Subject to proof through discovery, some or all of Plaintiff's and/or putative class members' claims are barred by the doctrine of laches and/or waiver.

**ELEVENTH DEFENSE**

Plaintiff's and/or the putative class members' claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent, investigate, and promptly correct any

violations of law or policy, and Plaintiff and/or the putative class members unreasonably failed to avail themselves of these preventive and corrective opportunities or otherwise to avoid harm.

## TWELFTH DEFENSE

Plaintiff and/or the putative class members lack standing or are otherwise not entitled to bring, maintain, or participate in a class or collective action under the FLSA or state law.

## THIRTEENTH DEFENSE

To the extent that Defendants engaged in any acts or omissions found to be in violation of the FLSA and/or any state law, such acts or omissions were not willful, such that the statute of limitations can be no longer than two years pursuant to 29 U.S.C. § 255(a), or corresponding statute of limitations under state laws.

## FOURTEENTH DEFENSE

Defendants state, in the alternative if necessary, that any actions with respect to Plaintiff and any similarly situated workers and/or putative class members were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259 or corresponding state laws or regulations.

## FIFTEENTH DEFENSE

Defendants state, in the alternative if necessary, that any actions with respect to Plaintiff and any other similarly situated workers and/or putative class members, were taken in good faith with reasonable grounds to believe such conduct comported with the FLSA or interpretations of the FLSA pursuant to 29 U.S.C. § 260, or corresponding state laws or regulations.

**SIXTEENTH DEFENSE**

Claims for relief are barred to the extent that any prospective opt-in plaintiffs have given a release to Defendants in exchange for adequate consideration.

**SEVENTEENTH DEFENSE**

Plaintiff and/or the putative class members have received full payment for all work performed, thereby barring Plaintiff's claim and/or purported class members' claims.

**EIGHTEENTH DEFENSE**

If Plaintiff has sustained any damages or if any putative members of any purported collective action defined in the Complaint have sustained any damages, although such is not admitted hereby or herein and is specifically denied, Defendants are entitled under the equitable doctrine of set-off and recoupment to offset all obligations of the Plaintiff or putative class members owed to Defendants against any judgment that may be entered against Defendants.

**NINETEENTH DEFENSE**

To the extent Plaintiff or any other similarly situated workers and/or putative class members are deemed to be entitled to any relief, Defendants are entitled to an offset based on the paid meal period and/or other paid break time during which the Plaintiff or any other similarly situated workers, and/or putative class member performed no work.

**TWENTIETH DEFENSE**

Subject to proof through discovery, Plaintiff and/or the putative class members have failed to mitigate their damages.

28141186v.1

## TWENTY-FIRST DEFENSE

Subject to proof through discovery some or all of the claims purported to be brought in this action are barred by the doctrine of accord and satisfaction.

## TWENTY-SECOND DEFENSE

Plaintiff's claims and those of the putative collective members are barred, in whole or in part, by the doctrines of payment and release.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred because Plaintiff and the individuals he seeks to represent consented to, acquiesced in, and/or ratified, through express or implied agreement, the conduct of which they now complain.

## TWENTY-FOURTH DEFENSE

Plaintiff and the members of the putative collective action are not entitled to any penalty or award to the extent that the penalty provisions of the applicable statutes invoked establish penalties that are unjust, arbitrary, oppressive, confiscatory and are disproportionate to any damage or loss incurred as a result of Defendants' conduct, and are in violation of the Due Process clause of the Fifth Amendment to the United States Constitution.

## TWENTY-FIFTH DEFENSE

The penalties claimed by Plaintiff in this case are excessive and thus violate Defendants' rights under the state and federal Constitutions, including, but not limited to, the Fifth, Eighth, and Fourteenth amendments to the United States Constitution.

28141186v.1

## TWENTY-SIXTH DEFENSE

Any injuries alleged in the Complaint were caused in whole or in part by Plaintiff's culpable or negligent conduct.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of res judicata, issue preclusion, and/or collateral estoppel.

## RESERVATION OF RIGHTS

Defendants reserve their rights to seek leave to amend this Answer and/or raise additional defenses as may be discovered during the course of this litigation, or pursue any available counterclaims against any Named Plaintiff or opt-in plaintiff based on facts learned during this litigation.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in their favor against Plaintiff as follows:

1.    dismissing the Complaint in its entirety on the merits;

2.    granting to Defendants the costs and expenses of this action, including attorneys' fees; and

3.    awarding Defendants such other and further relief as the Court may deem just and proper.

28141186v.1

Dated:  New York, New York
July 20, 2016

Respectfully submitted,

SEYFARTH SHAW LLP


By: /s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr. (*pro hac vice*)
Jacob Oslick (Pa. Attorney No. 311028)
Scott Rabe (*pro hac vice*)
620 Eighth Avenue
New York, New York 10018
Phone: (212) 218-5500
Fax: (212) 218-5526
gmaatman@seyfarth.com

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 20, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

<u>/s/ *Gerald L. Maatman, Jr.*</u>
Gerald L. Maatman, Jr.

28141186v.1